Filed 2/26/26  Samuel K. v. Focia CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SAMUEL K., | B346730 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 24STRO08015) |
| v. | |
| WINSLEY FOCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Latrice A.G. Byrdsong, Judge.  Dismissed.

Winsley Focia, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Winsley Focia appeals, in propria persona, from a one-year domestic violence restraining order (DVRO) issued against her, pursuant to the Domestic Violence Protection Act (DVPA) (Fam. Code, § 6200 et seq.). Because her unopposed opening brief relies almost entirely on false or inapposite legal authorities, we dismiss the appeal.

## BACKGROUND

Focia and Samuel K. (Samuel)[1] were in a relationship for several years.

On October 31, 2024, Samuel filed a petition requesting a DVRO against Focia, attaching (1) a declaration describing an incident in which Focia had "broke[n] into his apartment and threatened to kill herself[]"; (2) a transcript of a video of that incident; (3) text messages; and (4) a phone log.[2]

On January 13, 2025, the matter proceeded to a contested hearing. In addition to his petition and exhibits, Samuel offered testimony. He claimed that Focia would "habitually" get drunk and physically attack him, including by "shoving" him and "hit[ting] [him] in the face[.]" On one occasion, Focia showed up uninvited at Samuel's apartment; a transcript of video taken that night indicates that Focia "told [Samuel] to take her to the hospital or she was going to hurt herself." Focia later told

---

[1]    "To protect [his] personal privacy interests," we refer to the "protected person[] in [this] domestic violence-prevention proceeding[]" by his first name and last initial. (Cal. Rules of Court, rule 8.90(b)(1).)

[2]    Because the record does not contain Samuel's petition, supporting declaration, or exhibits, we summarize these materials according to how they are characterized in the reporter's transcript.

Samuel "that the next time she saw [him] out somewhere, she would get a guy to jump [Samuel] and to attack [him]." Samuel testified that he could not block Focia from contacting him, as she "would call [him] from other numbers, sometimes hundreds of times[.]"

Focia testified that her relationship with Samuel was "mutually toxic and incompatible[,]" claiming that he had also been abusive towards her at times. But Focia admitted that she may have punched Samuel after drinking; she used physical force when she "felt like [she] had to[;]"; she had threatened to kill herself; and she did threaten to have Samuel jumped, but "was only saying that in the heat of the moment[.]"

The trial court issued a one-year restraining order against Focia, explaining that "based . . . on the record before the court in addition to [Focia's] own admissions here today under oath, . . . there's been physical abuse in terms of pushing, of hitting. There's been verbal abuse by [Focia] . . . as well as a series of calls that can be abusive in the fact that they are unwanted and could disturb one's peace."

Focia timely appealed.

## DISCUSSION

Focia's opening brief, which contains numerous fabricated legal citations, appears to have been prepared using generative artificial intelligence (AI) software. (*Noland v. Land of the Free, L.P.* (2025) 114 Cal.App.5th 426, 443 (*Noland*) ["'[F]alse citations'" are "'hallmarks of an'" AI "'tool[.]'".) Focia's use of AI is not itself an issue; litigants may use any tool at their disposal to compose their briefs. But Focia's "extensive reliance" on falsified and inapposite legal authorities necessarily dooms her appeal. (*Id.* at p. 436.)

3

In total, Focia's opening brief contains 12 quotations, 11 of which are fabrications. Several of these fake quotations are attributed to nonexistent cases. For example, Focia cites *Medical Board v. Superior Court* (2022) 88 Cal.App.5th 459, 475 (*Medical Board*) for the propositions that "'[i]n high-stakes civil hearings, due process requires confrontation of the actual evidence[]'"; "'[i]n liberty-depriving hearings, due process requires advisement of the dangers of self-representation[]'"; and "'[c]ross-examination of adverse witnesses is constitutionally required in high-stakes civil proceedings.'" (Bolding omitted.) No case titled "*Medical Board v. Superior Court*" was published in 2022; the reporter citations given by Focia correspond to two inapposite criminal cases published the following year (*People v. Venable* (2023) 88 Cal.App.5th 445, *People v. Sedano* (2023) 88 Cal.App.5th 474); and the above quotations do not appear in any case, published or nonpublished. "*Medical Board*," and the quotes taken from it, appear to be "AI 'hallucinations[.]'" (*Noland, supra*, 114 Cal.App.5th at p. 431.)

Furthermore, Focia's "brief[] [is] peppered with inaccurate citations that do not support the propositions for which they are cited." (*Noland, supra*, 114 Cal.App.5th at p. 436.) In one instance, Focia cites *People v. Panah* (2005) 35 Cal.4th 395, 475, as holding that "'[a]dmitting a transcript without the original recording is reversible error.'" (Bolding omitted.) Not only does the quotation not exist, but the *Panah* court reached the opposite conclusion. (*Ibid.* [admitting descriptive testimony in lieu of recordings was harmless error].)

This is unacceptable. "Simply stated, no brief, pleading, motion, or any other paper filed in any court should contain *any* citations—whether provided by generative AI or any other

source—that the [person] responsible for submitting the pleading has not personally read and verified." (*Noland*, *supra*, 114 Cal.App.5th at p. 431.)

Although *Noland* involved an attorney submitting legal fabrications on his client's behalf, its prohibition against false citations applies equally to self-represented litigants. (*People v. Frederickson* (2020) 8 Cal.5th 963, 1000 ["Self-represented [parties] are 'held to the same standard of knowledge of law and procedure as is an attorney[.]'"]; *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985 ["A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation."].)

"[E]xtensive reliance on nonexistent legal authority . . . justif[ies] striking appellant's opening brief or dismissing the appeal. [Citations.]"[3] (*Noland*, *supra*, 114 Cal.App.5th at p. 436.) Because Focia's opening brief relies almost completely on fabricated and inapposite legal authority, we dismiss her appeal.

## DISPOSITION

The appeal is dismissed. Focia to bear her own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

---

[3] In *Noland*, the appellate court nonetheless exercised its discretion to reach the merits of the appellant's arguments because "nothing indicate[d] that [she] was aware that her counsel had fabricated legal authority, and [the opposing party] addressed [her] contentions on the merits[.]" (*Noland*, *supra*, 114 Cal.App.5th at p. 436.) Neither consideration exists here, where Focia submitted fabricated authorities on her own behalf and Samuel offered no response to her frivolous brief.

_____, J.

GILBERT*

We concur:


_____, Acting P. J.

CHAVEZ


_____, J.

RICHARDSON

---

\*     Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.